UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL JAMES CABLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-03722-SEB-MJD |
| | ) |
| PATERNITY COURT E-156, | ) |
| FOREIGN REGISTERED AGENTS | ) |
| WITHIN/WITHOUT THE U.S. INC., | ) |
| LORI DURBIN, | ) |
| STEVE DURBIN, | ) |
| JOHN COX, | ) |
| MICHELLE LANE COX Person 2523 - to Include | ) |
| any and all descendants/ancestors, | ) |
| | ) |
| Defendants. | ) |

**Entry Granting *In Forma Pauperis* Status, Dismissing Complaint, Directing Plaintiff to Cease Threatening Filings, and Directing Entry of Final Judgment**

**I. *In Forma Pauperis***

The plaintiff's motion to proceed *in forma pauperis,* dkt. [6], is **granted.** The assessment of an initial partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, "[a]ll [28 U.S.C.] § 1915 has ever done is excuse *pre-*payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II. Background**

Plaintiff Michael Cable ("Mr. Cable") is a prisoner currently incarcerated at the Marion County Jail. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is

frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III. Screening

Mr. Cable brings this action against the following defendants: 1) Paternity Court E-156; 2); Lori Durbin; 3) Steve Durbin; 4) John Cox; and 5) Michelle Lane Cox - Person 2523. For some unknown reason Mr. Cable refers to the mother of his children as "Person 2523." That moniker is associated, no doubt, with the fact that Mr. Cable signs his own name as "in propria persona" and describes himself as a "foreign national."

Any claim brought against Paternity Court E-156 is **dismissed for failure to state a claim upon which relief can be granted** because a courtroom is not a suable entity.

Mr. Cable does not allege any specific wrongdoing on the part of the remaining defendants. In order to state a constitutional claim against an individual defendant, a plaintiff must allege facts sufficient to reflect that the defendant participated in unconstitutional activity. *See Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009). Because no allegations of

misconduct are alleged on the part of the defendants, the claims against them must be **dismissed for failure to state a claim upon which relief can be granted.**

Mr. Cable's claims are for the most part unintelligible. It is clear that he is not pleased with rulings issued in a State court paternity action relating to his daughters, but any such claims brought in this Court are **dismissed for lack of jurisdiction.** This Court lacks jurisdiction over domestic relations matters. *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992) (reaffirming the "domestic relations exception" to exercising diversity jurisdiction and noted that this exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees"); *Jones v. Brennan,* 465 F.3d 304, 306 (7th Cir. 2006) (the domestic-relations exception "denies federal jurisdiction to grant a divorce or exercise the other characteristic powers of a domestic-relations court").

In the "relief wanted" section of his complaint, Mr. Cable threatens the Court and others he asserts are responsible for perceived wrongdoing. The Court does not respond to nor tolerate such threats, and Mr. Cable is well-advised to **CEASE** all such communications in the future.

### IV. Conclusion

The plaintiff's complaint must be dismissed for each of the reasons set forth above. It is common for the Court to allow a *pro se* litigant an opportunity to show cause why the action should not be dismissed before final judgment is entered, *see Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013), but because of Mr. Cable's vulgarity, threats, and disrespect for this and other Courts, and because it is highly unlikely that Mr. Cable could state a viable claim, over which this Court would have subject matter jurisdiction, such opportunity will not be afforded to him. Rather, this action is **summarily dismissed** for lack of subject matter

jurisdiction and for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/1/2017

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL JAMES CABLE
488954
MARION COUNTY JAIL II
MARION COUNTY JAIL II
Inmate Mail/Parcels
730 East Washington Street
Indianapolis, IN 46202